[No. 4,406.]

## JANE E. CHASE *v.* MARY J. EVOY, ADMINISTRATRIX OF THE ESTATE OF JOHN EVOY, DECEASED.

NOTE PAYABLE THIRTY DAYS AFTER DEMAND.—When a promissory note is made payable thirty days after demand, no cause of action arises on the note until thirty days after a demand of payment.

IDEM.—If the maker of such note dies before demand of payment is made, a presentation of the note to his administrator for allowance as a claim against the estate, is not a demand of payment.

APPEAL from the District Court, Third Judicial District, County of Alameda.

Action upon a promissory note, of which the following is a copy:

"$2,500.          SAN FRANCISCO, August 21, 1871.

"Thirty days after demand, at the banking house of Belloc Freres, San Francisco, for value received, we jointly and severally promise to pay to the order of Jane E. Chase, at said banking house, the sum of twenty-five hundred dollars in U. S. gold coin, with interest thereon, in like gold coin, at the rate of one and one half per cent. per month, payable monthly in advance.

"M. G. COBB,
[Stamp.]          "G. G. BRIGGS,
"JOHN EVOY."

The complaint averred that John Evoy died on the 17th day of March, 1873, and that on the 14th day of April, 1873, the defendant became the administratrix of his estate, and that, on the 27th day of October, 1873, the plaintiff duly presented to the defendant for allowance, the note, as a claim against the estate, and that the defendant rejected the same. The action was commenced on the 16th day of December, 1873. The defendant demurred to the complaint, because it did not state facts sufficient to constitute a cause of action. The Court overruled the demurrer, and rendered judgment for the plaintiff. The defendant appealed.

*W. H. & J. R. Glascock,* for the Appellant.

If a bill or note is payable so many days after demand, this is the same in effect as so many days after sight; so, if it be payable so many days after notice. (2 Parsons on Notes and Bills, 644; Byles on Bills, star page, 273; Chitty on Bills, star pages 365 and 610; *Holmes* v. *Kerrison,* 2 Taunt. 323; *Thorp* v. *Coombe,* 8 D. & R. 347, E. C. L. R., Vol. 16; *Dixon* v. *Nuttall,* 1 C. M. & R. 306; *Thorpe and ux.* v. *Booth,* Ryan & M. 388; *Sturdy* v. *Hender-*

*son,* 4 B. & Ald. 592, E. C. L. R., Vol. 6; *Clayton* v. *Gosling,* 5 B. & C. 360, E. C. L. R., Vol. 11; *Wenman* v. *Mohawk Ins. Co.* 13 Wend. 267; *Little* v. *Blunt,* 9 Pick. 490.)

*George W. Tyler,* for the Respondent.

By the Court, RHODES, J.:

The note in suit is payable thirty days after its demand. It is not alleged in the complaint that demand of payment was made either of the intestate or of the administratrix. That averment is essential, for no cause of action would arise until thirty days had elapsed after the demand.

The presentation to the administratrix of the plaintiff's claim for the amount of the note, is not in any sense a demand of payment.

Judgment reversed and cause remanded, with directions to sustain the demurrer to the complaint.